IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case. No. 6:09-cr-60058-MC |
| v. | OPINION AND ORDER |
| JAIME DUARTE-OCHOA, | |
| Defendant. | |

MCSHANE, Judge:

Defendant Jaime Duarte-Ochoa challenges his conviction on two grounds: that the government failed to adhere to the base offense level stipulation in his plea agreement; and that Congress violated the Tenth Amendment in passing the Controlled Substances Act (CSA). Defendant also moves for a reduction in his sentence pursuant to a proposed amendment to the Sentencing Guidelines.

On October 13, 2009, defendant pled guilty to a superseding information (ECF No. 20)[1] in which he was charged with possessing with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On December 15, 2009, U.S. District Court Judge Michael R. Hogan sentenced defendant pursuant to the plea agreement to 180 months. The judgment (ECF 27) was filed on December 16, 2009, and an amended judgment was filed on October 31, 2011 (ECF 29).

Defendant brings three post-conviction motions: a motion to dismiss the superseding information; a motion pursuant to Fed. R. Civ. P. 60(b)(6)[2] requesting relief from the judgment; and a motion to reduce in his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Because defendant waived his ability to raise a motion to dismiss the superseding information or request relief in his plea agreement, defendant's first two motions are DENIED. Because defendant's motion requesting a sentence reduction stems from a proposed amendment and not an enacted change to the Sentencing Guidelines, defendant's third motion is DENIED.

## DISCUSSION

### I.    Plea Agreement

In the plea agreement, defendant waived his right to challenge his conviction and sentence. Specifically, in paragraph eight of the plea agreement:

> Defendant knowingly and voluntarily waivesthe right to appeal from any aspect of the conviction and sentence of any grounds, including his right to challenge that he is a career offender, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of U.S.S.G. Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceed the advisory guideline sentencing range.

---

[1] ECF refers to the Clerk's Docket Records and is followed by the document number.
[2] Because this is a rule of civil procedure, not criminal procedure, it cannot provide relief from a criminal conviction.

ECF No. 20.

Courts regularly enforce knowing and voluntary waivers of a defendant's appeal rights. *United States v. Jeronimo*, 398 F.3d 1149, 1152-53 (9th Cir. 2005). If the waiver is knowing and voluntary, the court ceases inquiry into the waiver's validity; "the valid waiver bars [the defendant's] underlying challenges to his conviction and sentence and [the Court] must dismiss the appeal." *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000). Proper enforcement of post-conviction waivers plays a vital role in the judicial administrative process in that it "preserves the finality of judgments and sentences imposed pursuant to valid plea agreements." *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996).

Defendant does not raise any issues preserved in the plea agreement. Defendant has not alleged that his sentence exceeded the statutory maximum, that the court departed upward under the Sentencing Guidelines, that the court imposed a sentence in excess of the Guidelines range, or ineffective assistance of counsel. Additionally, defendant does not contend that his waiver or appeal was not knowing and voluntary. Rather, defendant challenges his conviction by alleging that the government breached the plea agreement by failing to adhere to the base offense level stipulation and that the enactment of the CSA violates the Tenth Amendment.[3] Defendant's current challenges to his conviction and sentence are precisely the types of challenges that he waived in his plea agreement. Because defendant does not raise challenges to his conviction preserved in the plea agreement, defendant's first two motions are DENIED.

---

[3] Even if defendant could raise the argument that the CSA violates the Tenth Amendment, the Ninth Circuit has repeatedly held that Congress had the power to enact the CSA under the Commerce Clause. *See United States v. Bramble*, 103 F.3d 1475, 1479-80 (9th Cir. 1996); *United States v. Visman*, 919 F.2d 1390, 1393 (9th Cir. 1990).

## II. Sentence Reduction

Defendant argues that he is entitled to a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). However, defendant's current sentence is not based on a sentencing range that has since been lowered by the Sentencing Commission.

As a general rule, an imprisonment sentence imposed by a court is final, and a court may not modify a term of imprisonment. 18 U.S.C. §§ 3582(b) and (c) (2012); *Dillon v. United States*, 560 U.S. 817, 824 (2010). However, there is an exception to this rule in § 3582(c)(2), which allows a court to reduce a prison sentence if it is based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if the reduction of said sentence would be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); *see also United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009).

Defendant moves for a reduced sentence pursuant to the "All Drugs Minus Two Act," which would reduce the base offense level for all drug quantities by two. As such, defendant argues that his offense level should now be 27 instead of 29, meaning the guideline range for his sentence becomes 130-162 months rather than the 180 months of his original sentence. However, the "All Drugs Minus Two Act" only created a proposed amendment to the Sentencing Guidelines, and has not yet been enacted. *See* Amendments to the Sentencing Guidelines, April 30, 2014, at 21. If the amendment is indeed enacted, it will not take effect until November 1, 2014. Therefore, the Sentencing Commission has yet to actually lower defendant's original sentencing range, meaning that defendant does not qualify for a reduced sentence.

The government argues defendant's motion also fails because the Sentencing Commission did not make the proposed amendment retroactive. While this is a strong argument,

this issue is not yet ripe as the proposed amendment is not final and in fact could change or not be enacted by Congress in the first place.

Because defendant's motion to reduce his sentence is based on a proposed amendment to the Sentencing Guidelines, the motion is DENIED.

## CONCLUSION

Defendant's motions challenging his conviction (ECF No. 30, 33) are DENIED.

Defendant's motion for a reduced sentence (ECF No. 44) is DENIED.

IT IS SO ORDERED.

DATED this 22day of July, 2014.

                                                      Michael McShane
                                            United States District Judge